**UNITED STATES of America,**
**Appellee,**

v.

**Pearl V. WILLIAMS, Appellant.**

**No. 10080.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1966.

Decided Jan. 26, 1966.

lishment remitted their fees directly to the defendant. An undercover agent testified that he was instructed by the defendant to pay the girl, who, by the defendant's prearrangement, was about to become his temporary partner. It may be inferred, however, that financial gain did attend her performance of her role as mistress of the place. Moreover, there was testimony that she had sought to explain her failure to report such income by fear that it would involve her in collateral difficulties.

We conclude that receipt of this testimony was unexceptionable.

Affirmed.

R. Carleton Sharretts, Jr., Baltimore, Md., for appellant.

Ronald T. Osborn, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

Convicted of evasion of income taxes, the defendant complains of the admission of testimony tending to prove that she was the proprietress of a brothel. She had reported income from rentals and from race horses which she owned, and the testimony about her endeavors in aid of the professional activities of the young ladies who resided in her apartment house was offered to show an independent source of income in support of the net worth computations which had been introduced. As such, it was highly relevant, and it was not made inadmissible because of its tendency to prove her guilty of crimes other than tax evasion.

It is complained that the testimony does not show that patrons of the estab-